The plaintiffs claimed the land in controversy as devisees under the will of William Smith. It was agreed that the right of the plaintiffs to recover depended upon the construction *Page 473 
of the will, and that the Court should decide as to the construction.
It was in evidence that William Smith's real estate consisted of the tract of land on which he lived, containing about three hundred and fifty-three acres. The testator lived near the center of the tract. James T. Smith lived in the northern part of the tract and that Jeremiah W. Smith, the father of the plaintiffs lived in an unenclosed field, in the Southeast corner of the tract. Jeremiah Smith "was leader of the crop" in the lifetime of the testator, but the land was worked by all the family together. Polly Smith took possession of the house in which Jeremiah W. Smith lived, and remained in possession ten years, after which this action was brought.
The clause of the will, under which the plaintiffs claim reads as follows:
"I give to my two grand-sons, Matthew and Richard Smith one hundred acres of land including where I now live, joining the land I have given to my son J. S. Smith; and that my daughter Polly Smith live where Jeremiah W. Smith now lives for the space of ten years, and at the end of that time the land and premises to belong to my two grand-sons or the heirs of J. W. Smith.
The Court being of the opinion that the plaintiffs were entitled to recover, an issue as to damages was submitted to a jury and a verdict rendered, assessing the damages at three hundred dollars. And the Court thereupon gave judgment for the plaintiffs, from which judgment the defendants appealed.
William Smith intended to dispose of his whole estate by will.
There is nothing in the will or in the circumstances of the estate to induce us to change the general rule.
The judgment of the Superior Court is affirmed.
PER CURIAM. Judgment affirmed. *Page 474